

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# USA v. Barnes

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4680

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Barnes" (2008). *2008 Decisions.* Paper 1667.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1667

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4680

UNITED STATES OF AMERICA

v.

DARRYL K. BARNES,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00134)
District Judge:  Honorable John R. Padova

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2008

Before:  SCIRICA, Chief Judge, and RENDELL, Circuit Judges
and THOMPSON, *District Judge.

(Filed: January 30, 2008)

OPINION OF THE COURT

*Honorable Anne E. Thompson, Senior Judge of the United States District Court for the
District of New Jersey, sitting by designation.

RENDELL, *Circuit Judge.*

Darryl K. Barnes appeals from his conviction for possession with intent to distribute cocaine base ("crack") and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felony in violation of 18 U.S.C. § 922(g). He also appeals his sentence of 25 years' imprisonment. For the reasons that follow, we will affirm Barnes' conviction and the sentence imposed by the District Court.

Barnes appeals his conviction based on the District Court's denials of his pre- and post-trial suppression motions. He claims that his possession of the narcotics was not sufficiently established, raising three arguments: (1) that there was no evidence that Barnes occupied and/or had exclusive control of the property where the items were found; (2) that there was no evidence that Barnes was in actual or constructive possession of the narcotics; and (3) that the evidence only established Barnes' presence at the scene. In reviewing the sufficiency of the evidence, "[w]e must view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could have found the elements of a crime beyond a reasonable doubt." *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004).

To show that Barnes' constructively possessed the narcotics, the government was required to prove "both 'dominion and control' over an object and knowledge of that

2

object's existence." *United States v. Jenkins*, 90 F.3d 814, 817-18 (3d Cir. 1996). The government need not have shown that Barnes had exclusive access to the drugs. *United States v. Davis*, 461 F.2d 1026, 1035 (3d Cir. 1972). In this case, there was sufficient evidence adduced at trial to establish constructive possession. Barnes was observed pushing his hand into a crack in the couch from which a packet of crack was recovered, he admitted to residing in the home, crack was recovered in plain view in the kitchen, Barnes stated that he had just finished "cooking more product upstairs in the kitchen." and a key to a safe containing drugs, money, and a firearm was found in a man's shirt at a time when Barnes was the only male on the premises. At trial, Barnes had the opportunity to argue that others had access to and could have been responsible for the drugs; the jury however rejected this argument. Viewing the evidence in the light most favorable to the government, we cannot conclude that constructive possession was not established.

Barnes further contends that the District Court erred in admitting his statement to the police that he had just finished "cooking more product upstairs in the kitchen" as the police failed to provide *Miranda* warnings. However, Barnes' statement was not the product of police interrogation and was volunteered after the police had recovered cocaine, cash, and a firearm from a safe without any police questioning or its functional equivalent. *Rhode Island v. Innis*, 446 U.S. 291, 299-302 (1980). Barnes does not allege any police coercion, nor is there any on the record. The statement, therefore, was

3

properly admitted, even absent a *Miranda* warning. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966).

Last, Barnes appeals his sentence, arguing that the disparity in the Guideline range between crack and cocaine offenses resulted in an unreasonable sentence and violated the Sixth Amendment. This claim is without merit. Barnes' sentence of 25 years' imprisonment was the result, not of the Guidelines range calculated by the District Court, but of the minimum sentence set by the statutes of conviction. Because Barnes has a previous conviction for a felony narcotics offense and the present offense involves in excess of 50 grams of cocaine base, 21 U.S.C. § 841(b)(1)(A)(iii) mandates a minimum sentence of 20 years' imprisonment. Barnes' conviction for possession of a firearm in furtherance of a drug trafficking crime carries a mandatory consecutive sentence of five years' imprisonment. 18 U.S.C. § 924(c)(1). Consequently, the minimum sentence the District Court could have imposed was 25 years. *See United States v. Gunter*, 462 F.3d 237, 248 (3d Cir. 2006).

For the foregoing reasons, we will affirm the conviction and sentence imposed in the Judgment and Commitment Order of the District Court.